UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

L.M. and D.G., on behalf of
and as next friends for the
minor child, C.G.,

    Plaintiffs,

v.                           CASE NO: 8:10-cv-539-T-33TGW

PINELLAS COUNTY SCHOOL BOARD,

    Defendant.
_____/

**ORDER**

    This cause comes before the Court pursuant to Plaintiff's Motion for a Stay-Put Injunction (Doc. # 4). Defendant filed a Memorandum of Law in Opposition thereto (Doc. # 11).

    The Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq., ("IDEA") guarantees "all children with disabilities have available to them a free appropriate public education [FAPE] that emphasizes special education and related services designed to meet their unique needs..." 20 U.S.C. § 1400(d)(1)(A); School Bd. of Collier County v. K.C., 285 F.3d 977, 979 (11th Cir. 2002). Federal funds are made available to state and local educational entities, which are required, through an evaluation process, to identify children with disabilities and to develop for each disabled child an annual individualized education program or IEP. 20 U.S.C. §§ 1411-

1415.  The IEP is formulated by the school during a meeting between the student's parents and school officials.  Loren F. v. Atlanta Indep. Sch. Sys., 349 F.3d 1309, 1312 (11th Cir. 2003) (citing 20 U.S.C. § 1414(d)(1)(A)-(B)).  "A parent who wishes to challenge an IEP, or any matter relating to the provision of a FAPE, may request an 'impartial due process hearing' before an ALJ."  J.P. v. Cherokee County Bd. of Educ., 218 F. App'x 911, 912 (11th Cir. 2007).

The "stayput" provision of the IDEA, 20 U.S.C. § 1415(j), provides, in relevant part, that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child ... until all such proceedings have been completed."  The IDEA does, however, not define the term "educational placement."

Plaintiffs, L.M. and D.G. on behalf of C.G., argue that the "then-current educational placement" includes the particular school building and, therefore, based on the circumstances of this case, requires that their child attend L.D. school during the pendency of these proceedings.

"Then-current educational placement" more generally refers to the educational program and not the particular

2

institution or building where the program is implemented. See Hill v. School Bd. for Pinellas County, 954 F. Supp. 251, 253-54 (M.D. Fla. 1997), aff'd, 137 F.3d 1355 (11th Cir. 1998); A.W. v. Fairfax County Sch. Bd, 372 F.3d 674, 681-83 (4th Cir. 2004); White v. Ascension Parish Sch. Bd., 343 F.3d 373 (5th Cir. 2003); Board of Educ. v. Illinois State Bd. of Educ., 103 F.3d 545, 549 (7th Cir. 1996)(explaining that the meaning of "educational placement" refers to general educational placement, not to the specific school location); Sherri A.D. v. Kirby, 975 F.2d 193, 206 (5th Cir. 1992)("educational placement" not a place, but a program of services); Tilton v. Jefferson County Bd. of Educ., 705 F.2d 800, 804 (6th Cir. 1983), cert. denied, 465 U.S. 1006 (1984)(transfer from one school to another with comparable program not a change in educational placement); N.D. v. Hawaii Dep't of Educ., No. 09-17543, 2010 WL 1268235, at *8-9 (9th Cir. Apr. 5, 2010)(discussing the various circuits' interpretation of the meaning of "current educational placement" and holding that "educational placement" means the general educational program of the student); Lunceford v. District of Columbia Bd. of Educ., 745 F.2d 1577 (D.C. Cir. 1984)(no change in educational placement where District switched student from residential program in a private hospital to a public institution).

Although moving the location of the student's services may in some circumstances be a change in the educational placement, see Tilton, 705 F.2d 800 & Hale v. Poplar Bluff R-I Sch. Dist., 280 F.3d 831, 833 (8th Cir. 2002), such circumstances are not present in the case at bar. Plaintiffs argue simply that C.G., a child with autism, has extreme difficulty in transition.

> Any transition for C.G. that is not properly planned and implemented significantly affects her ability to learn. The transition here is from one school to another. This difficulty with transition manifested itself when she attended summer school at a different school [S.H. school]. By failing to prepare her for the move, she arrived at a new school, new classroom and new teacher that were totally foreign to her. She experienced significant difficulties caused by the change in schools.

Plaintiff's Motion for a Stay-Put Injunction (Doc. # 4 at 8); see also Decl. of L.M. (Doc. # 4, Exh. 1). Although Plaintiffs argue that this difficulty in transition from one location to another affected C.G.'s ability to learn, Plaintiffs do not argue that the two locations differ in any material way. Similarly, Plaintiffs do not assert that C.G.'s general educational program (other than location) is being materially altered by the change in location.

Given the overall intent of the statute, the agency's implementing regulations, and the case law interpreting "then-

current educational placement" as related to change in location, this Court concludes that C.G.'s relocation to S.H. school and her difficulty in transition thereto does not amount to a change in her educational placement within the meaning of the stay-put provision.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion for a Stay-Put Injunction (Doc. # 4) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>11th</u> day of April, 2010.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record